Filed 9/20/13  P. v. Woods CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KIP AARON WOODS,<br><br>Defendant and Appellant. | F065458<br><br>(Super. Ct. No. F12901729)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Denise Whitehead, Judge.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Cornell, Acting P.J., Gomes, J., and Kane, J.

Defendant Kip Aaron Woods was convicted of inflicting corporal injury on his ex-wife. He contends that his trial counsel rendered ineffective assistance when counsel failed to assert that Woods was unable to pay a restitution fine and a parole revocation restitution fine of $1,920 each and that the minimum fines of $240 each should have been imposed instead. We affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORIES

Woods entered his ex-wife's home uninvited, choked her, punched her, and said that either she or her boyfriend was "going to die." The district attorney filed an information charging Woods with one count of willfully inflicting corporal injury on a former spouse. (Pen. Code, § 273.5, subd. (a).[1]) The information alleged that Woods had one prior strike under the Three Strikes Law (§ 1170.12, subds. (a)-(d)) and had served two prior prison terms within the meaning of section 667.5, subdivision (b). A jury found Woods guilty as charged, and he admitted to the prior strike and the prior prison terms.

The court sentenced Woods to eight years in state prison, consisting of the three-year middle term, doubled for the prior strike, plus two years for the two prior prison term enhancements. The court also imposed fines and fees as follows: (1) a restitution fine of $1,920 (§ 1202.4); (2) a parole revocation restitution fine of $1,920 (§ 1202.45); (3) a court operations assessment of $40 (§ 1465.8); and (4) a criminal conviction assessment of $30 (Gov. Code, § 70373).

## DISCUSSION

Woods argues that he was denied effective assistance of counsel because his trial counsel did not object to the restitution fine and the parole revocation restitution fine. He says that if counsel had objected, the court might instead have imposed the statutory minimums for those fines, which are $240 each. The court declined to impose a

[1]Subsequent statutory references are to the Penal Code unless otherwise noted.

probation report fee (§ 1203.1b) of $296 and did not require him to pay for the services of his public defender because it found Woods was unable to pay. He says the court would have found he also was unable to pay more than the minimums for the restitution and parole revocation restitution fines if counsel had asked it to do so.

To establish ineffective assistance of counsel, defendant must show that counsel's performance "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 694; see also *People v. Hester* (2000) 22 Cal.4th 290, 296.) It is not necessary to determine whether counsel's challenged action was professionally unreasonable in every case, however. If the reviewing court can resolve the ineffective-assistance claim by proceeding directly to the issue of prejudice—i.e., the issue of whether there is a reasonable probability that the outcome would have been different absent counsel's challenged actions or omissions—it may do so. (*Strickland, supra*, at p. 697.)

As we will explain, Woods has not demonstrated prejudice. In determining whether to impose restitution and parole revocation restitution fines above the minimums, the court "shall consider any relevant factors," including "the defendant's inability to pay …." (§ 1202.4, subd. (d).) It need not, however, make an express finding of ability to pay on the record. (*People v. Ramirez* (1995) 39 Cal.App.4th 1369, 1377.) On appeal, we must presume the trial court made all necessary findings. "[I]t is settled that: 'A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It follows that we must presume the court made the required finding about Woods's ability to pay and decided to impose the fines in light of that finding. Woods has not shown that an objection calling the court's attention to the matter would have made any difference.

The fact that the court found Woods could not pay for his public defender or for his probation report does not show that an objection would have made a difference. The court could reasonably have believed the restitution-related fines were more important than those other items and that Woods could pay the amounts imposed, even if they would deplete his funds and his prison earnings and leave him unable to pay the others. In this way, a finding that Woods could pay $1,920 under section 1202.4 and $1,920 under section 1202.45 could have been a way of prioritizing those fines. It was not inconsistent with finding him unable to pay other assessments.

For these reasons, we conclude that Woods has not shown a reasonable probability that an objection to the fines imposed under sections 1202.4 and 1202.45 would have led the court to reduce the amounts it imposed. Ineffective assistance of counsel therefore has not been demonstrated.

## *DISPOSITION*

The judgment is affirmed.